COURT OF APPEALS
DECISION
DATED AND FILED

October 8, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1967-CR**

Cir. Ct. No. **2016CF84**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

JUDE W. GILES,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Oneida County: PATRICK F. O'MELIA, Judge. *Affirmed*.

¶1 STARK, P.J.[1] Jude Giles appeals a judgment, entered following a jury trial, convicting him of operating a motor vehicle while intoxicated (OWI), as a second offense. Giles argues the circuit court violated his constitutional right to

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

present a defense when it prohibited him from introducing at trial the results of a preliminary breath test (PBT), along with expert witness testimony that relied on those results. We conclude the court properly prevented Giles from presenting this evidence. The PBT results were clearly inadmissible under WIS. STAT. § 343.303, and our supreme court previously determined in a case involving similar facts that excluding expert testimony based on PBT results did not violate the defendant's constitutional right to present a defense. *See State v. Fischer*, 2010 WI 6, 322 Wis. 2d 265, 778 N.W.2d 629, *superseded by statute on other grounds*, *see State v. Jones*, 2018 WI 44, ¶¶6-7, 381 Wis. 2d 284, 911 N.W.2d 97. We therefore affirm Giles' judgment of conviction.

## BACKGROUND

¶2      On April 3, 2016, at approximately 1:00 p.m., a vehicle Giles was driving rear-ended another vehicle at the intersection of Highways 51 and 47 in Oneida County. When a police officer arrived at the scene, Giles was outside of his vehicle. On initially speaking with Giles, the officer observed that Giles' eyes were red and glassy and that his speech was somewhat slurred. After speaking with the driver of the other vehicle, the officer returned to speak to Giles and noticed a strong odor of intoxicants when standing downwind from Giles. When the officer confronted Giles about the odor, Giles admitted drinking "some vodka mixed with soda."

¶3      At that point, the officer asked Giles to perform three field sobriety tests, two of which he failed. The officer then administered a PBT, which measured a breath alcohol concentration of .076. Following the PBT, Giles was placed under arrest for OWI and was transported to a local hospital where a blood

draw was performed. Subsequent testing of the blood sample showed a blood alcohol concentration (BAC) of .144.

¶4    Giles was ultimately charged with four counts: OWI causing injury, as a second and subsequent offense (Count 1); operating with a prohibited alcohol concentration (PAC) causing injury, as a second and subsequent offense (Count 2); OWI, as a second offense (Count 3); and operating with a PAC, as a second offense (Count 4). Before trial, Giles filed a motion in limine asking that the defense "be allowed to admit evidence of [Giles' PBT] results" in order "to support the expert opinion" of forensic toxicologist Glenn Hardin. Giles asserted that Hardin would opine—based on the PBT results, the blood test results, and Hardin's training and experience—that Giles was "likely in the alcohol absorption phase" at the time of the PBT and therefore "likely" did not have a BAC over the legal limit of .08 when he operated his vehicle. Giles further argued that if the circuit court did not allow him to present this evidence, its ruling would violate his constitutional right to present a defense.

¶5    The circuit court denied Giles' motion in limine to admit the PBT results and Hardin's testimony based on those results. The court acknowledged that Giles had a constitutional right to present admissible evidence in his defense. However, the court reasoned that the PBT results were "inadmissible evidence under [WIS. STAT. § 343.303] as applied to OWI cases."

¶6    At trial, Giles testified that he was staying at a friend's residence on the day of the accident. At around 8:00 that morning, he got into an argument with another person at the residence. After that individual left the house, Giles took two drinks from a bottle containing a mixture of vodka and soda to "help calm [him] down." A few hours later, Giles left his friend's residence intending to

3

go to his parents' home, which was approximately five minutes away by car. After getting into his vehicle, he consumed six to eight shots of vodka. He then began driving, and the accident occurred shortly thereafter. Giles testified that it normally takes twenty to thirty minutes for alcohol to "hit [his] system" and that he did not feel woozy after consuming the vodka.

¶7 Hardin testified at trial that for the average person, "half of a dose" of alcohol is absorbed from the gastrointestinal tract into the bloodstream in approximately twenty to thirty minutes, and a "full dose takes … an hour to an hour and a half to be absorbed." Hardin further testified that "a couple minutes" after a person consumes alcohol, only about ten percent of the alcohol has been absorbed into the person's bloodstream. He also testified that alcohol does not have any impairing effect on a person until it reaches the brain, and "it has to enter the bloodstream in order to reach the brain."

¶8 Based on Giles' and Hardin's testimony, the defense argued that Giles was not operating while intoxicated or with a prohibited alcohol concentration because the majority of the alcohol that he consumed immediately before driving had not yet been absorbed into his blood at the time of the accident. The jury ultimately found Giles guilty of Counts 3 and 4—the OWI and PAC charges.[2] The circuit court subsequently dismissed the PAC charge, pursuant to WIS. STAT. § 346.63(1)(c). The court sentenced Giles to thirty days in jail on the OWI charge and imposed a $1570 fine and a thirteen-month license revocation. Giles now appeals.

---

[2] The jury was unable to reach a verdict on Counts 1 and 2.

## DISCUSSION

¶9    WISCONSIN STAT. § 343.303 provides, in relevant part, that PBT results "shall not be admissible in any action or proceeding except to show probable cause for an arrest, if the arrest is challenged, or to prove that a chemical test was properly required or requested of a person under s. 343.305(3)." It is undisputed that this language unambiguously precluded the admission at Giles' OWI trial of both his PBT results and Hardin's expert testimony based on those results. Giles argues, however, that the application of § 343.303 in this case deprived him of his constitutional right to present a defense.[3] This issue presents a question of constitutional fact, which we review independently. *See **State v. St. George***, 2002 WI 50, ¶16, 252 Wis. 2d 499, 643 N.W.2d 777.

¶10    The Confrontation and Compulsory Process Clauses of the Sixth Amendment to the United States Constitution and article I, section 7 of the Wisconsin Constitution grant defendants a constitutional right to present evidence. ***Id.***, ¶14. However, a defendant's constitutional right to present evidence is not absolute. ***Id.***, ¶15. "Confrontation and compulsory process only grant defendants the constitutional right to present relevant evidence not substantially outweighed by its prejudicial effect." ***State v. Pulizzano***, 155 Wis. 2d 633, 646, 456 N.W.2d 325 (1990). Moreover, a defendant's right to present even relevant evidence is not unlimited and is instead subject to reasonable restrictions. ***State v. Shomberg***, 2006 WI 9, ¶35, 288 Wis. 2d 1, 709 N.W.2d 370. Stated differently, a defendant's

---

[3] Giles claims he was deprived of his constitutional right to present a defense. However, he was permitted to raise a defense at trial based upon the delayed absorption of alcohol. The circuit court simply prohibited him from presenting certain evidence in support of that defense— i.e., the PBT results and Hardin's testimony based on those results. Therefore, the claimed deprivation is of Giles' constitutional right to present evidence in support of his defense.

interest in presenting such evidence may sometimes "bow to accommodate other legitimate interests in the criminal trial process." *Id.* (citation omitted).

¶11     In this case, we conclude—based on our supreme court's decision in *Fischer*—that the exclusion of Giles' PBT results and Hardin's associated expert testimony did not violate Giles' constitutional right to present a defense. The facts of *Fischer* are strikingly similar to those presented here. Fischer was pulled over on suspicion of OWI. *Fischer*, 322 Wis. 2d 265, ¶8. A PBT was ultimately administered and measured a breath alcohol concentration of .11. *Id.* A subsequent blood test showed a BAC of .147. *Id.* Fischer was then charged with OWI. *Id.*

¶12     Before his trial, Fischer retained an expert witness who opined, based in part on the PBT and blood test results, that Fischer "was in the absorptive phase when he was stopped and that his BAC was increasing" at that time. *Id.*, ¶9. Fischer's expert therefore asserted the evidence was consistent with the hypothesis "that Fischer was below the 0.08% threshold when stopped." *Id.* The circuit court granted the State's motion to exclude the expert's report and testimony, on the grounds that the PBT results were inadmissible under WIS. STAT. § 343.303. *Fischer*, 322 Wis. 2d 265, ¶¶10, 13.

¶13     On appeal, Fischer argued the exclusion of his expert witness's report and testimony had violated his constitutional right to present a defense. *Id.*, ¶5. Our supreme court analyzed that argument using the two-part framework set forth in *St. George*. *See Fischer*, 322 Wis. 2d 265, ¶¶27-28. Under the first part of that framework, a court considers four factors in order to determine whether the defendant has established "a constitutional right to present the expert testimony." *Id.*, ¶28 (citation omitted). If the defendant makes that showing, the

court then "undertakes the second part of the inquiry by determining whether the defendant's right to present the proffered evidence is nonetheless outweighed by the State's compelling interest to exclude the evidence." *Id.* (citation omitted).

¶14 When applying this two-part analysis to the facts before it, the *Fischer* court began by "assum[ing] without deciding" that Fischer had satisfied the first part of the analysis and had therefore established "a right to present the expert evidence in question." *Id.*, ¶29. Nevertheless, the court concluded that Fischer's "right to do so [was] outweighed by the State's compelling interest in excluding the evidence." *Id.* The court reasoned that it was "beyond dispute that the State has a compelling interest in combating the threat to public safety created by drunk driving." *Id.*, ¶32. The court further explained that "[i]n the evidentiary gap between reasonable suspicion and probable cause for arrest, a voluntarily taken PBT can furnish the necessary evidence to remove an impaired driver from the road." *Id.* The court therefore concluded that by making PBT results inadmissible in OWI trials, the legislature "reasonably may have sought to eliminate any disincentive a driver might have to consent to take the PBT by assuring drivers that the results would not be used at trial." *Id.*

¶15 This case is factually indistinguishable from *Fischer*. Like Fischer, Giles was suspected of OWI and was therefore asked to complete a PBT. And like Fischer, Giles' PBT showed a lower alcohol concentration than that which was later measured during a chemical test of his blood. Both Fischer and Giles sought to use expert testimony, which relied on their PBT results, to show that their bodies were still absorbing the alcohol they had consumed at the time they drove and that, as a result, they were not operating while intoxicated. The supreme court concluded in *Fischer* that the exclusion of that testimony, pursuant to WIS. STAT. § 343.303, did not violate Fischer's constitutional right to present a defense.

Based on the court's decision in *Fischer*, we reject Giles' identical argument in this case that the circuit court violated his constitutional right to present a defense when it excluded his PBT results and the associated expert testimony.[4]

¶16     In the circuit court, Giles noted that the United States District Court for the Eastern District of Wisconsin ultimately granted Fischer's petition for a writ of habeas corpus and vacated his conviction. *See Fischer v. Ozaukee Cty. Circuit Court*, 741 F. Supp. 2d 944, 959-60 (E.D. Wis. 2010).  The district court concluded that our supreme court's decision affirming Fischer's conviction "involved an unreasonable application of federal law." *Id.* at 958.  While Giles argued below that the district court's decision in *Fischer* meant our supreme court's decision in that case was no longer good law, he does not renew that argument on appeal.  Moreover, we are not bound by decisions issued by federal district courts. *See State v. Lepsch*, 2017 WI 27, ¶34 n.14, 374 Wis. 2d 98, 892 N.W.2d 682; *see also State v. Webster*, 114 Wis. 2d 418, 426 & n.4, 338 N.W.2d 474 (1983) (observing that a federal decision granting habeas relief to one defendant did not, in a subsequent case involving a different defendant, "stand as a precedential bar" to the Wisconsin Supreme Court following one of its previous decisions, which was contrary to the federal decision).  We are instead bound by decisions of the Wisconsin Supreme Court. *See Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997) ("The supreme court is the only state court with the

---

[4] Giles briefly argues that this case is distinguishable from *State v. Fischer*, 2010 WI 6, 322 Wis. 2d 265, 778 N.W.2d 629, *superseded by statute on other grounds*, *see State v. Jones*, 2018 WI 44, ¶¶6-7, 381 Wis. 2d 284, 911 N.W.2d 97, because the difference between Giles' PBT and blood test results was greater than the difference at issue in *Fischer*.  This is a distinction without a difference.  Both Giles and Fischer attempted to use their PBT results to show that they did not drive while intoxicated because at the time of driving their bodies had not yet absorbed the alcohol they had consumed.  Our supreme court's analysis in *Fischer* is therefore equally applicable here.

power to overrule, modify or withdraw language from a previous supreme court case.").

¶17     The supreme court's decision in *Fischer* therefore determines the outcome of this case.   Accordingly, the circuit court did not violate Giles' constitutional right to a defense by excluding the PBT results and associated expert testimony.[5]

> *By the Court.*—Judgment affirmed.

This opinion will not be published.   *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[5] In the circuit court, the parties raised additional arguments regarding whether the court would need to hold a *Daubert* hearing to assess the reliability of the PBT results and associated expert testimony before admitting that evidence.  *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).  Giles obliquely refers to this issue in his brief-in-chief on appeal, but he does not develop any argument as to whether a *Daubert* hearing would have been required in order to admit the PBT results and expert testimony.  Regardless, because we conclude the court properly declined to admit the evidence in question based on WIS. STAT. § 343.303, we need not address any issue regarding the necessity of a *Daubert* hearing.